**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN WILLIAM PARKER**, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )  **Civ. Action No. 05-1070 (ESH)** |
| | ) |
| **GALE A. NORTON**, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**ORDER**

This matter is before the Court on plaintiffs' motion for the appointment of counsel to

represent them in this mandamus action.   Plaintiffs in civil cases generally do not have a

constitutional or statutory right to counsel.  *See Willis v. F.B.I.*, 274 F.3d 531, 532-33 (D.C. Cir.

2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981).  If a plaintiff is proceeding *in forma*

*pauperis*, the court is authorized to appoint counsel under 28 U.S.C. § 1915 (e)(1), but is not

obliged to do so unless the plaintiff demonstrates such exceptional circumstances exist that the

denial of counsel would result in fundamental unfairness. *See Cookish v. Cunningham*, 787 F.2d

1, 2 (1st Cir. 1986).  "Whether exceptional circumstances exist requires an evaluation of the type

and complexity of each case, and the abilities of the individual bringing it." *Id*.

The Court has considered the potential merits of the claim, the complexity of the legal

and factual issues apparent from the complaint, plaintiffs' *pro se* representation to this early point

in the proceedings, including their asserted knowledge about the substance of the claims, and the

degree to which the interests of justice will be served by appointment of counsel, including the

benefit the court may derive from the assistance of the appointed counsel. *See* Local Civil Rule

83.11 (b)(3);.  The Court has also taken into consideration the limited *pro bono* resources

available to the court.  After carefully reviewing and weighing these factors, the court concludes

that appointment of counsel is not warranted at this time.  Accordingly, it is hereby

      **ORDERED** that plaintiffs' motion for the appointment of counsel [# 9] is **DENIED**

without prejudice to reconsideration upon motion as the case progresses.


                                                _____s/_____
                                                ELLEN SEGAL HUVELLE
                                                United States District Judge

Date:   July 18, 2005