UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN WILLIAM PARKER<br>39744 400th Avenue<br>Waubun, MN 56589<br>(218) 734-2497<br><br>TODD ALLEN BELLANGER<br>224 Loop<br>White Earth, MN 56591<br>(218) 983-4172<br><br>MELVIN MANYPENNY<br>White Earth, MN 56591<br>(218) 983-3160<br><br>            Plaintiffs,<br>    vs.<br><br>GALE NORTON,<br>Secretary of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>W. PATRICK RAGSDALE,<br>Director of the Bureau of Indian<br>Affairs<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>LARRY MORRIN, Acting Area<br>Director, Bureau of Indian Affairs,<br>Minneapolis Area Office<br>331 South Second Avenue<br>Minneapolis, MN 55401<br><br>ALBERTO GONZALEZ, Attorney<br>General of the United States,<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br>(202) 353-1555<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:05CV0170<br>)  Judge Ellen Segal Huvelle<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT FOR MANDAMUS

Defendants GALE A. NORTON, in her capacity as Secretary of the United States Department of the Interior, W. PATRICK RAGSDALE, in his capacity as Director of the Bureau of Indian Affairs, LARRY MORRIN, in his capacity as Acting Area Direct, Bureau of Indian Affair, Minneapolis Area Office, and ALBERTO GONZALES, in his capacity as Attorney General of the United States (collectively referred to herein as "Defendants"), hereby answer, upon information and belief, the allegations contained in Plaintiffs' Complaint as follows:

### I.  PARTIES

1.  Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and, therefore, deny each and every allegation therein.

2.  Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint and, therefore, deny each and every allegation therein.

3.  Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and, therefore, deny each and every allegation therein.

4.  Defendants admit that Defendant Norton is the Secretary of the Interior and that Defendant Gonzales is the Attorney General of the United States. The remainder of the paragraph constitutes legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

5.  Defendants admit that Defendant Ragsdale is the Director of the Bureau of Indian Affairs ("BIA"). The remainder of the paragraph constitutes legal conclusions to which no

response is required. To the extent a response is required, Defendants deny each and every allegation therein.

6. Defendants admit that Defendant Morrin is the Acting Area Director, Minneapolis Area Office, BIA. The remainder of the paragraph constitutes legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

## II. JURISDICTION

1. The allegations contained in paragraph 1 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

2. The allegations contained in paragraph 2 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein. Defendants further aver that 28 U.S.C. § 1361, 25 U.S.C. §§ 1301, *et seq.*, and the Revised Constitution and By-laws of the Minnesota Chippewa Tribe speak for themselves, are the best evidence of their contents, and to which no response is required.

3. The allegations contained in paragraph 3 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

4. The allegations contained in paragraph 4 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

5. The allegations contained in paragraph 5 of the Complaint constitute Plaintiffs'

characterization of their claim and conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

6. Defendants admit the allegations contained in the first portion of the first sentence in paragraph 6 of the Complaint to the extent that federal funds have been used to establish a tribal court and law enforcement agencies for the White Earth Reservation, and for the implementation of certain law enforcement agreements on the White Earth Reservation. The remainder of the paragraph constitutes legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

### III.  STANDING

7. Defendants admit the allegations contained in paragraph 7 of the Complaint to the extent that the Solicitor wrote a letter dated June 18, 1980, containing the quoted language but aver the document speaks for itself, is the best evidence of its contents, and to which no response is required. The remainder of paragraph 7 constitutes legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

8. The allegations contained in paragraph 8 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

### IV.  INTRODUCTION

9. The Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in the first, second, and third sentences of paragraph 9 of the Complaint and therefore deny each and every allegation therein. Defendants admit the remainder of the paragraph.

10. Defendants admit the allegations contained in paragraph 10 of the Complaint, and

aver that Article VIII of the Revised Constitution of the Minnesota Chippewa Tribe speaks for itself, is the best evidence of its contents, and to which no response is required.

11.    Defendants admit all of the allegations contained in paragraph 11 of the Complaint, except for the last sentence, which constitutes a conclusion of law, to which no response is required. Defendants also aver that the provisions of the Revised Constitution of the Minnesota Chippewa Tribe cited therein speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

[No Paragraph 12.]

13.    Defendants admit the allegations contained in paragraph 13 of the Complaint.

14.    Defendants are without sufficient information or belief as to the truth or falsity of the allegation contained in paragraph 14 of the Complaint concerning Plaintiffs' status as enrollees of the White Earth Band of Chippewa and, therefore, deny them. The remainder of the paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

15.    Defendants admit the first sentence of paragraph 15 of the Complaint. The remainder of the paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

16.    The allegations contained in the first sentence of paragraph 16 of the Complaint characterize Plaintiffs' claims, to which no response is required. The second sentence of paragraph 16 constitutes Plaintiffs' characterizations of the Indian Reorganization Act of 1934, and Revised Constitution, which speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response to all allegations in paragraph 16 is

required, Defendants deny each and every allegation contained therein.

17. The allegations in paragraph 17 of the Complaint constitute legal conclusions, to which no response is required. The allegations contained in paragraph 17 of the Complaint also include Plaintiffs' characterizations of the Revised Constitution, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

18. The allegations in paragraph 18 of the Complaint constitute legal conclusions, to which no response is required. The allegations contained in paragraph 18 also include Plaintiffs' characterizations of the Revised Constitution, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

19. The allegations contained in the first sentence of paragraph 19 of the Complaint characterize Plaintiffs' claims, to which no response is required. The second sentence of paragraph 19 contains legal conclusions, to which no response is required. To the extent a response is required to the allegations in paragraph 19, Defendants deny each and every allegation therein.

20. The allegations contained in the first and second sentences of paragraph 20 of the Complaint constitute legal conclusions to which no response is required. The third sentence of paragraph 20 contains Plaintiffs' characterizations of the decision in Quechuan Tribe of Indians v. Rowe, 531 F.2d 408 (9th Cir. 1976), which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

21. The allegations contained in the first sentence of paragraph 21 of the Complaint

constitute legal conclusions to which no response is required. The second sentence of paragraph 21 contains Plaintiffs' characterization of a memorandum prepared by the Office of the Solicitor on July 31, 1986, which speaks for itself, is the best evidence of its contents, and which requires no response. To the extent a response is required, Defendants admit the allegations of paragraph 21 only to the extent that a memorandum was prepared by the Office of the Solicitor on July 31, 1986, and contains the quoted language. To the extent a further response is required, Defendants deny each and every other allegation therein.

22. Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint and, therefore, deny each and every allegation therein. Defendants aver, however, that the letter referenced in paragraph 22 speaks for itself, is the best evidence of its contents, and to which no response is required.

23. The allegations contained in the first sentence of paragraph 23 of the Complaint constitute Plaintiffs' characterization of their claim and legal conclusions, to which no response is required. The remainder of paragraph 23 contains conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

### V. BACKGROUND OF PREVIOUS BIA ENFORCEMENT AND REVIEW CONCERNING THE REVISED CONSTITUTION AND BYLAWS OF THE MINNESOTA CHIPPEWA TRIBE

24. The allegations in paragraph 24 of the Complaint constitute Plaintiffs' characterization of a petition submitted to the Office of the Solicitor, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a further response is required, Defendants deny each and every other allegation therein.

25. Defendants admit the first and second sentences of paragraph 25 of the Complaint, but aver the document quoted speaks for itself, is the best evidence of its contents, and requires no

response. Defendants lack sufficient information and belief as to the truth or falsity of the allegations contained in the third sentence, which also contains legal conclusions to which no response is required. Defendants aver, however, that the Resolution speaks for itself and is the best evidence of its contents. The last portion of the third sentence of paragraph 25 lacks specificity, such that Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained therein. To the extent a response is required, Defendants deny each and every allegation contained in the third sentence of paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint constitute Plaintiffs' characterization of the documents referenced therein, which speak for themselves, are the best evidence of their contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in paragraph 26 of the Complaint.

27. The allegations in paragraph 27 of the Complaint constitute Plaintiffs' characterization of a June 18, 1980, letter from the Field Solicitor, which speaks for itself, is the best evidence of its contents, and requires no response. To the extent a response is required, Defendants deny each and every allegation contained therein.

28. The allegations in paragraph 28 of the Complaint constitute Plaintiff's characterization of a July 31, 1986 opinion from the Associate Solicitor – Indian Affairs, which speaks for itself, is the best evidence of its contents, and requires no response. To the extent a response is required, Defendants deny each and every allegation contained therein, except that Defendants admit Tim Tollman is the Regional Solicitor in Tulsa, and David Ethridge is now the Assistant Solicitor, Branch of Lands and Minerals, in the Division of Indian Affairs, Washington, D.C.

29. The allegations in paragraph 29 of the Complaint constitute Plaintiffs'

characterization of a December 21, 1990, letter from the Associate Solicitor – Indian Affairs, to an Assistant Minnesota Attorney General, which speaks for itself, is the best evidence of its contents, and to which no response is required.

30.     The allegations in the first and second sentences of paragraph 30 of the Complaint constitute Plaintiffs' characterization of <u>Jacobson v. Massachusetts</u>, 197 U.S. 11 (1905), which speaks for itself, is the best evidence of its contents, and to which no response is required. The third sentence of paragraph 30 contains Plaintiffs' characterization of their claim, to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

31.     The allegations in paragraph 31 of the Complaint constitute a legal conclusion to which no response is required. Furthermore, the allegations in paragraph 31 constitute Plaintiffs' characterization of an August 16, 1994, letter from the Associate Solicitor, Office of the Solicitor, which speaks for itself, is the best evidence of its contents and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

32.     The allegations in paragraph 32 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

33.     The allegations in paragraph 33 of the Complaint constitute Plaintiffs' characterization of a May 31, 1994, letter from the Chairman of the White Earth Reservation Business Committee to the Assistant Secretary – Indian Affairs, which speaks for itself, is the best evidence of its contents and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein except to admit that the letter was received by the Department of the Interior.

34. The allegations in paragraph 34 of the Complaint constitute Plaintiffs' characterization of a September 20, 1994, letter from the Assistant Secretary – Indian Affairs to the President of the Minnesota Chippewa Tribe, which speaks for itself and is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained therein.

35. The allegations contained in paragraph 35 of the Complaint constitute Plaintiffs' characterization of the September 20, 1994, letter from the Assistant Secretary and Federal Register notice, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein, except to admit the existence of the letter in question.

36. The allegations in paragraph 36 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

37. The allegations in paragraph 37 of the Complaint constitute Plaintiffs' characterization of a September 1994 Federal Register notice, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein, except to admit the existence of the Federal Register notice in question.

**VI. SHOWING OR PRESENTLY EXISTING ABDICATION OF RESPONSIBILITY TO ENFORCE AND REVIEW THE REVISED CONSTITUTION AND BY-LAWS OF THE MINNESOTA CHIPPEWA TRIBE; VIOLATION OF MANNER OF REVIEW IN THE REVISED CONSTITUTION (REASON FOR MANDAMUS ISSUE)**

38. The allegations in paragraph 38 of the Complaint constitute Plaintiffs' characterization of their claims, to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

39. The allegations in paragraph 39 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

40. The allegations in paragraph 40 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

41. The allegations in paragraph 41 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

42. The allegations in paragraph 42 of the Complaint constitute Plaintiffs' characterization of their claims and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

### VII. USURPATION OF THE DEMOCRATIC PREROGATIVES, NORMS OF DEMOCRACY AND INHERENT SOVEREIGNTY OF THE PEOPLE BY FEDERAL GOVERNMENT DEFERENCE TO RBC AND TEC UKASE

43. Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. Defendants admit the allegations contained in the first sentence of paragraph 44 of the Complaint to the extent that the members adopted a constitution and by-laws by which the Minnesota Chippewa Tribe should be governed.  The remainder of the paragraph constitutes legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

45. The allegations in paragraph 45 of the Complaint constitute Plaintiffs' characterizations of the Revised Constitution and legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny each and every allegation therein.

46. The allegations in paragraph 46 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

47. The allegations in paragraph 47 of the Complaint constitute Plaintiffs' characterization of their request for relief and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

### VIII. A PROPOSAL TO HAVE A SECRETARIAL ELECTION WHETHER THE "MANNER OF REVIEW" SECTION SHOULD BE REMOVED FROM THE REVISED CONSTITUTION WAS NOT ACTED UPON AFTER A SHOWING OF THE SOVEREIGN WILL OF THE PEOPLE

48. The Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint and, therefore, deny each and every allegation therein.

49. The Defendants are without sufficient information or belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint and, therefore, deny each and every allegation therein.

50. The allegations in paragraph 50 of the Complaint constitute Plaintiffs' characterization of their request for relief and a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

51. The allegations in the first sentence of paragraph 51 of the Complaint constitute legal conclusions, to which no response is required. The second sentence constitutes Plaintiffs' characterization of Section 2 of Article XV of the Revised Constitution, which speaks for itself, is the best evidence of its contents, and to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

52. Defendants admit the allegations contained in paragraph 52 of the Complaint,

however, aver that Section 3 of the final paragraph of Article XV of the Revised Constitution speaks for itself and is the best evidence of its contents.

53. The allegations in paragraph 53 of the Complaint constitute Plaintiffs' characterization of their request for relief and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each and every allegation therein.

54. The balance of the Complaint constitutes Plaintiffs' Request for Relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief prayed for in the Complaint.

55. Defendants deny each and every allegation not specifically admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES
### First Defense

This Court lacks subject matter jurisdiction to consider Plaintiffs' claims.

### Second Defense

Plaintiffs lack standing to bring the claims asserted.

### Third Defense

Plaintiffs' claims are barred by the applicable statute of limitations, 28 U.S.C. § 2401(a).

WHEREFORE, Defendants respectfully request that Plaintiffs' Complaint be dismissed and that Defendants be granted such other and further relief as the Court may deem just and proper with costs taxed in favor of Defendants.

Respectfully submitted this 12th day of August, 2005,

KELLY A. JOHNSON
Acting Assistant Attorney General


s/ Nicolette Romano
Nicolette Romano, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0245 (tel.)
(202) 305-0506 (fax)
nicolette.romano@usdoj.gov


OF COUNSEL:
Jane M. Smith, Attorney Advisor
U.S. Department of the Interior
Office the Solicitor
1849 C Street, N.W., Mail Stop 6456
Washington, D.C. 20240