UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. PARKER, *et al.* )<br>39744 400th Avenue )<br>Waubun, MN 56589 )<br> )<br>   Plaintiffs, )<br> )<br>   vs. )<br> )<br>GALE NORTON, Secretary, *et al.* )<br>U.S. Department of the Interior )<br>1849 C Street, N.W. )<br>Washington, D.C. 20240 )<br> )<br>   Defendants. )<br>_____ ) | Case No. 1:05CV0170<br>Judge: Ellen Segal Huvelle<br>Deck Type: Pro se General Civil<br>Date Stamp: 10/07/05 |

MOTION FOR JUDGMENT ON THE PLEADINGS AND
MEMORANDUM IN SUPPORT

Defendants, Gale Norton, Secretary of the Interior ("the Secretary"); W. Patrick Ragsdale, Director of the Bureau of Indian Affairs ("BIA"); Larry Morrin, Acting Area Direct, Minneapolis Region; and Alberto Gonzalez, Attorney General of the United States ("Defendants"), move this Court for judgment on the pleadings of this action filed by John W. Parker, *et al.* ("the Plaintiffs") under Fed. R. Civ. P. 12(c), for reasons stated in the accompanying memorandum.

I. INTRODUCTION

Plaintiffs challenge a decision made by the Assistant Secretary – Indian Affairs ("the Assistant Secretary") on September 20, 1994, that authorized the bands of the Minnesota Chippewa Tribe to have tribal courts. Specifically, Plaintiffs claim that the Assistant Secretary's decision of September 20, 1994, that allowed the White Earth Band of the Minnesota Chippewa

1

Tribe ("the tribe") to have tribal courts, was arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C. § 706 *et seq*. ("APA"), in that it allegedly violated the tribe's constitution. Defendants are entitled to judgment on the pleadings for three reasons. First, this Court is without jurisdiction to adjudicate the claim because it would require an interpretation of tribal law. Second, the Plaintiffs lack standing to bring the claim because they have not suffered injury in fact. Third, Plaintiffs' claim is beyond the statute of limitations. Accordingly, as set forth more fully below, the Court should grant Defendants' Motion for Judgment on the Pleadings.

## II. FACTUAL BACKGROUND

In 1980, the tribe submitted a petition to reassume exclusive child custody jurisdiction under Section 108 of the Indian Child Welfare Act of 1978, 25 U.S.C. § 1918, *et seq*. Complaint, ¶ 24. In response, the Associate Solicitor – Indian Affairs ("the Associate Solicitor") advised the Assistant Secretary that the Revised Constitution of the Minnesota Chippewa Tribe ("the constitution"), of which the tribe is a band, did not authorize bands to exercise child custody jurisdiction. Complaint, ¶ 26. In 1986 and 1990 the Associate Solicitor reaffirmed that position. Complaint, ¶¶ 28-29. In 1994, however, the Associate Solicitor reversed his position and concluded that the constitution did not need to be amended in order for bands to establish court systems. Complaint, ¶ 31. The Associate Solicitor based this decision on a policy decision to give greater deference to tribal interpretations of tribal constitutions. *Id*. In October 1980, the Tribal Executive Council ("the tribal council") passed two resolutions interpreting the constitution as authorizing the establishment of tribal courts. Complaint, ¶ 32. On September 20, 1994, the Assistant Secretary, citing the same policy of deferring to tribal interpretations,

formally notified the Minnesota Chippewa Tribe that the Department of the Interior ("the Department") concluded that a constitutional amendment was not necessary in order for the bands to establish tribal courts. Complaint, ¶ 34.

Now, almost eleven years later, the Plaintiffs bring this challenge to the resolutions adopted by the tribal council interpreting the constitution and the September 20, 1994, decision of the Assistant Secretary holding that the Minnesota Chippewa Tribe did not need to amend its constitution in order to establish tribal courts. Complaint, ¶¶ 38-41. Plaintiffs claim that the resolutions establishing the tribal courts that were adopted by the tribal council were *ultra vires* and that the Defendants "abdicated mandatory responsibility for enforcement" of the constitution. Complaint, ¶¶ 18-19. They base their allegation that the tribal council resolutions establishing the tribal courts were *ultra vires* on an assertion that the tribal council and the business committee are bodies of limited authority and are without authority to establish tribal courts. Complaint, ¶¶ 11, 20-23. Their claim asserts that the Defendants abdicated their responsibility to enforce the constitution, in violation of Article XV, "Manner of Review," which provides the process by which certain resolutions and ordinances are reviewed by the Secretary of the Interior ("the Secretary"). Complaint, ¶¶ 18, 38, 40. Plaintiffs claim that the Assistant Secretary's letter of September 20, 1994, was arbitrary and capricious, in violation of the APA. Complaint, ¶ 36.

### III.  ARGUMENT

#### A.  Standard for Granting Judgment on the Pleadings

The standard for considering a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is virtually identical to the standard for considering a motion to dismiss under Fed. R.

3

Civ. P. 12(b)(6).  *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987).  A court will grant judgment on the pleadings "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 99 (D.D.C. 2004) *quoting Longwood Village Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 66 (D.D.C. 2001).  "'If there are allegations in the complaint which, if proved, would provide a basis for recovery,' the Court cannot grant judgment on the pleadings." *Calvetti*, *id.* at 100, *quoting Haynesworth*.  In *Haynesworth*, the Court noted:

> A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either type of motion; but the plaintiff enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint.

*Haynesworth*, 820 F.2d at 1254.

In this case, even giving the Plaintiffs the benefit of all inferences to be drawn from the well-pleaded allegations of their complaint, Defendants are entitled to judgment on the pleadings for three reasons.  First, the court lacks jurisdiction to adjudicate the Plaintiffs' claim because it would require this Court to interpret tribal law.  Second, the Plaintiffs have failed to allege facts sufficient to establish that they have standing because they have not asserted that they have suffered injury in fact.  Third, the Plaintiffs have failed to allege facts sufficient to bring their claim within the six-year statute of limitations applicable to claims brought against the United States under 28 U.S.C. § 2401.

### B.  The Court Lacks Jurisdiction Because Plaintiffs' Claim Requires an Interpretation of Tribal Law

The crux of Plaintiffs' claim is that the Assistant Secretary's decision allowing the tribe to have tribal courts was arbitrary and capricious, in violation of the APA.  Specifically,

Plaintiffs allege that Defendants violated the APA because the constitution does not authorize the tribal council to establish tribal courts, and because the constitution requires the Secretary to approve all resolutions and ordinances passed by the tribal council.  To consider Plaintiffs' claim, however, the Court would have to engage in an impermissible evaluation of tribal law (i.e., determine whether the tribal council and business committee are authorized to establish tribal courts and whether the Secretary was in fact required to approve the resolutions interpreting the constitution).  *See In re: Sac & Fox Tribe of the Mississippi in Iowa / Meskwaki Casino Litigation*, 340 F.3d 749, 763-764 (8th Cir. 2003) (federal courts are without jurisdiction to interpret tribal constitutions and laws).  *See also Runs After v. United States*, 766 F.2d 347, 352 (8th Cir. 1985); *Goodface v. Grassrope*, 708 F.2d 335,339 (8th Cir. 1983); *Sac & Fox Tribe of the Mississippi in Iowa Election Board v. B.I.A.*, 360 F.Supp. 2d 986, 993 (D. Ia. 2005).

In *Runs After*, the Eighth Circuit was faced with an analogous situation.  In that case, tribal members challenged tribal resolutions on the grounds that they violated the tribal constitution, by-laws and election ordinance.  The court affirmed the district court's dismissal of the action on jurisdictional grounds: "Such an action would necessarily require the district court to interpret the tribal constitution and tribal law and is not within the jurisdiction of the district court."  *Runs After*, 766 F.2d at 352 (citations omitted).  Similarly, in *Sac & Fox Tribe of the Mississippi in Iowa Election Board*, the court was faced with the allegation that under tribal law, the plaintiff, the tribal election board, did not have authority to bring litigation on its own.  Because the court would have to interpret the tribe's constitution and laws in order to determine the authority of the election board to bring litigation in its own right, the court dismissed the action for lack of jurisdiction.  *Sac & Fox*, 360 F. Supp. 2d at 992-3.

Here, the Plaintiffs claim the tribe's establishment of a court system violates the constitution for two reasons: first, the tribal council is not authorized to establish a judicial system; and second, the resolutions interpreting the constitution were not approved by the Secretary as allegedly required by Article XV, "Manner of Review," of the constitution.  As in *Runs After* and *Sac & Fox Election Board*, in order to adjudicate Plaintiffs' claim, the Court cannot avoid interpreting the tribal constitution to determine whether it authorizes the tribal council to establish tribal courts and whether it requires the Secretary to approve the tribal resolutions.  Because the Plaintiffs' claim would necessarily require the Court to interpret the tribal constitution, the Court lacks subject matter jurisdiction to review Plaintiffs' complaint.  Thus, Defendants' Motion for Judgment on the Pleadings should be granted.

C.  Plaintiffs Lack Standing Because<br>They Have Not Alleged Injury In Fact

There are three elements necessary to establish standing such that judicial review of an action is allowed: injury in fact; causation; and redressability.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (citations omitted).  Plaintiffs, as the party seeking to invoke the Court's jurisdiction, bear the burden of establishing the existence of these elements.  *Id.* at 561. In this case, however, Plaintiffs lack standing because they have failed to allege facts sufficient to establish that they have suffered the requisite "injury in fact."  Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent not conjectural or hypothetical."  *Id.*

Plaintiffs claim that they have been injured by the Assistant Secretary's decision because they have "suffered real and concrete harm in being deprived of the Prescriptive constitutional procedures adopted for their protection and benefit in Article XV, "Manner of Review" of the

6

Revised Constitution." Complaint, ¶ 7. Article XV, "Manner of Review," prescribes the process by which specific resolutions and ordinances are to be reviewed by the Secretary. Plaintiffs' alleged injury, therefore, is that they were "deprived" of the review procedures provided for in Article XV. This allegation is insufficient to establish injury in fact because Plaintiffs have failed to allege a concrete and particularized injury to a legally protected interest.

### 1. Plaintiffs Failed to Allege Invasion of A Legally-Protected Interest

Plaintiffs' allegation that they were injured by the Secretary's failure to review the tribe's resolution pursuant to Article XV of the constitution does not allege an injury to a legally protected interest. A "legally protected interest" is an interest in which the plaintiff has a "legally recognized right," *Judicial Watch v. United States Senate*, 340 F. Supp. 2d 26, 32 (D.D.C. 2004), or one that is "recognized at common law or specifically recognized as such by the Congress." *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997). A claim that the government has failed to properly follow or enforce the law is not sufficient to state an injury in fact.

> [A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy.

*Lujan*, 504 U.S. at 573-74. In *Common Cause v. Federal Election Commission*, 108 F.3d 413 (D.C. Cir. 1997), Common Cause sued the Federal Election Commission ("FEC") alleging that the FEC was not properly enforcing the Federal Election Campaign Act ("FECA"). The D.C. Circuit found that the plaintiff lacked standing because it did not have a legally cognizable interest in having the FEC properly enforce the law. *Id.* at 419.

> [A]bsent the ability to demonstrate a 'discrete injury' flowing from the alleged violation of FECA, Common Cause cannot establish standing merely by asserting that the FEC failed to process its complaint in accordance with law. To hold otherwise would be to recognize a justiciable interest in having the Executive Branch act in a lawful manner. This, the Supreme Court held in *Lujan*, is not a legally cognizable interest for purposes of standing.

*Id.*

Similarly, in this case, Plaintiffs allege that they have been injured because the Secretary failed to approve the tribal resolution as allegedly required by the "Manner of Review" process of Article XV of the tribal constitution. Complaint, ¶ 38-40. They do not allege, however, any discrete injury flowing from the Secretary's alleged failure. The Plaintiffs' alleged injury is nothing more than a claim that the Secretary failed to follow tribal law. Such an allegation, by itself, does not constitute an injury to a legally cognizable interest. Because Plaintiffs have failed to allege injury to a legally protected interest, they have failed to establish standing. Thus, the Court should grant Defendants' Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).

2. Plaintiffs Have Failed to Allege An
Injury That is Concrete and Particularized

In addition to having failed to allege an injury stemming from a legally protected interest, Plaintiffs have failed to allege an injury that is "concrete and particularized." As noted above, Plaintiffs allege that the tribe failed to follow the "Manner of Review" process contained in Article XV of the constitution. They claim that, because they were deprived of this benefit, they were injured. Complaint, ¶¶ 48-53.

a. Plaintiffs' Alleged Injury Is Not Concrete

In order for the Plaintiffs to allege a concrete injury, they must allege more than a "mere

procedural misstep" to satisfy the injury in fact requirement. *The Center for Law and Education v. Department of Education*, 396 F.3d 1152, 1160 (D.C. Cir. 2005). They must allege that they have suffered some injury as a result of the tribe not following the "Manner of Review." *Id.* This, they have not done. They have merely alleged that the injury they suffered was the tribe's failure to follow the "Manner of Review" process and have the Secretary review tribal resolutions. Because Plaintiffs have failed to allege a concrete injury, they lack standing. Accordingly, the Defendants are entitled to dismissal of the complaint under Fed. R. Civ.P. 12(c).

### b. Plaintiffs' Alleged Injury Is Not Particularized

A particularized injury is one that "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. 560 n. 1. Here, Plaintiffs' alleged injury is abstract and at least generally shared among all members of the tribe. Such an alleged injury cannot support standing. *See Keen v. United States*, 981 F. Supp. 679, 685 (D.D.C. 1997). The right to have the tribe follow the "Manner of Review" process is a right held generally by the people of the Chippewa Tribe. "'[W]here the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone does not warrant exercise of jurisdiction.'" *Id. quoting Warth v. Seldin*, 422 U.S. 490, 499 (1975).

In *Keen*, members of the Cherokee judiciary sued the Bureau of Indian Affairs alleging that the Bureau refused to enforce their orders. This Court found that the plaintiffs in *Keen* lacked standing because their interest in having the Bureau execute their orders was an interest shared by the entire Cherokee Nation and, therefore, was "nothing more that a generalized grievance about the conduct of government." *Keen*, 981 F. Supp. at 686. The Plaintiffs' claim

here is similar to what was claimed in *Keen*. In this case, the Plaintiffs' alleged injury is that the Secretary did not review resolutions and ordinances in accordance with the "Manner of Review" process. Such a claim, however, is nothing more than a "generalized grievance about the conduct of government" shared by all members of the tribe. Because the Plaintiffs have failed to allege a particularized injury, the Court should grant Defendants' Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).

### D.  Plaintiffs' Claim Is Barred by the Applicable Statute of Limitations

In addition, Plaintiffs' claim is time-barred. Plaintiffs' claim is based on a decision made by the Assistant Secretary on September 20, 1994 – nearly eleven years before Plaintiffs filed the present action. Complaint, ¶ 34. APA claims are subject to a six-year statute of limitation. 28 U.S.C. § 2401; *see also*, *James Madison Limited v. Ludwig*, 82 F.3d 1085, 1094 (D.C. Cir. 1996), *citing Impro Products, Inc. v. Block*, 722 F.2d 845, 850 (D.C. Cir. 1983), *cert. denied*, 469 U.S. 931 (1984); *Citizens Alert Regarding the Environment v. E.P.A.*, 259 F. Supp. 2d 9, 25 (D.D.C. 2003) *citing Impro Products, supra*.

Plaintiffs' claim that the Defendants' "abdicated mandatory enforcement" of the tribal constitution (Complaint, ¶ 19) first accrued with the issuance of the final decision of the Secretary in 1994.

> Section 704 of the APA provides for judicial review of "final agency action." 5 U.S.C. § 704. Unless another statute prescribes otherwise, a suit challenging final agency action pursuant to section 704 must be commenced within six years after the right of action first accrues. 28 U.S.C. § 2401(a); *Sendra Corp. v. Magaw*, 111 F.3d 162, 165 (D.C. Cir.1997). **The right of action first accrues on the date of the final agency action**. *Id.*

*Harris v. F.A.A.* 353 F.3d 1006, 1009 -1010 (D.C. Cir. 2004) (footnote omitted). Thus, because Plaintiffs' claim first accrued nearly eleven years ago, it is well beyond the applicable six-year

statute of limitations and, accordingly, is time-barred.

## V. CONCLUSION

For the foregoing reasons Defendants respectfully request that their Motion for Judgment on the Pleadings be granted and Plaintiffs' Complaint dismissed with prejudice.

Dated: October 7, 2005

                          Respectfully submitted,

                          KELLY A. JOHNSON
                          Acting Assistant Attorney General

By:    s/ Nicolette Romano

                          NICOLETTE ROMANO
                          Trial Attorney
                          General Litigation Section
                          Environment and Natural
                              Resources Division
                          U.S. Department of Justice
                          P.O. Box 663
                          Washington, D.C.  20044-0663
                          Telephone: (202) 305-0245
                          Fax: (202) 305-0506

OF COUNSEL:

Jane Smith
Attorney Advisor
U.S. Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
Mail Stop 6456
Washington, D.C. 20240
Telephone: (202) 208-5808
Fax: (202) 219-1791                          Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. PARKER, *et al.* )<br>39744 400th Avenue )<br>Waubun, MN 56589 )<br> )<br>      Plaintiffs, )<br> )<br>   vs. )<br> )<br>GALE NORTON, Secretary, *et al.* )<br>U.S. Department of the Interior )<br>1849 C Street, N.W. )<br>Washington, D.C. 20240 )<br> )<br>      Defendants. )<br>                                 ) | Case No. 1:05CV0170<br>Judge: Ellen Segal Huvelle<br>Deck Type: Pro se General Civil<br>Date Stamp: 10/07/05 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October, 2005, a true and correct copy of the foregoing

**MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN**

**SUPPORT** was served on the following Plaintiffs via first-class United States mail, postage pre-

paid, at the following addresses:

    TODD A. BELLINGER
    224 Loop
    White Earth, MN 56589

    MELVIN MANYPENNY
    White Earth, MN 56589

    JOHN W. PARKER
    39744 400th Avenue
    Waubun, MN 56589

                                                                  s/ Nicolette Romano
                                                                  NICOLETTE ROMANO