UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. PARKER, *et al.* ) <br> 39744 400th Avenue ) <br> Waubun, MN 56589 ) <br> ) <br>     Plaintiffs, ) <br> ) <br>   vs. ) <br> ) <br> GALE NORTON, Secretary, *et al.* ) <br> U.S. Department of the Interior ) <br> 1849 C Street, N.W. ) <br> Washington, D.C. 20240 ) <br> ) <br>     Defendants. ) <br> _____) | Case No. 1:05CV01070 <br> Judge: Ellen Segal Huvelle <br> Deck Type: Pro Se General Civil <br> Date Stamp: 11/16/05 |

DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS

In their first Opposition to Defendants' Motion for Judgment on the Pleadings[1] the Plaintiffs assert that their claim is within the statute of limitations under the continuing violation theory and that the Defendants' Motion fails to satisfy the requirements of Fed. Rule Civ. P. 12(c). In their second Opposition, the Plaintiffs indicate the Defendants have offered no proof they followed the tribal constitution, and that there are no statute of limitations or jurisdictional issues affecting their allegations of impropriety. The Plaintiffs misunderstand the theory of continuing violation, Fed. Rule Civ. P. 12(c), and jurisdiction.

Under the theory of continuing violation a suit that would otherwise be untimely is held to be timely when the defendant has committed subsequent discrete violations within the statute of limitations. Taylor v. F.D.I.C., 132 F.3d 753, 765 (D.C. Cir. 1997).

> For statute of limitations purposes a continuing violation is one that could not have been expected to be made the subject of a lawsuit when it first occurred because its character

_____

[1] Plaintiffs appear to have filed two Motions in Opposition on November 7, 2005. The first was dated November 1, 2005, and the second was dated November 5, 2005.

as a violation did not become clear until it was repeated during the limitations period, typically because it is only its cumulative impact . . . that reveals its illegality.

Id. (internal quotations and citations omitted).  A plaintiff may not, therefore, rely on a theory of continuing violation when he or she was (or should have been) aware of the alleged violation at the time that it occurred.  Wiggins v. Powell, 2005 U.S. Dist. Lexis 3984 (D.D.C. 2005).  An untimely suit cannot be made timely by the plaintiff merely pointing to effects of an unlawful act that occurred outside the statute of limitations.  Taylor, id.  Therefore, the Plaintiff must allege actual acts that the defendant committed within the statutory period. Plaintiffs in the instant case have failed to do so, therefore, their theory of continuing violation must fail.

The Plaintiffs have failed to state a case for extending the statute of limitations based on the theory of continuing violation, or otherwise.  First, in their Opposition dated November 1, 2005, the Plaintiffs state that "there is no statute of limitations grounds for dismissal as the abdication of the Defendants' responsibilities is ongoing and existent even at this moment." Plaintiffs' Opposition at 1.  This amounts to nothing more than an allegation that the conduct complained of – the 1994 determination that the tribe did not need to amend its constitution in order to have tribal courts, and the alleged failure of the Department of the Interior to review the tribal council's resolution – has ongoing effects.  But the Plaintiffs fail to allege that the Defendants have engaged in any acts within the statutory period.  Second, the conduct complained of is not the kind of conduct susceptible to the continuing violation theory because its alleged illegality was evident at the time the conduct was undertaken – almost eleven years ago.  Plaintiffs fail, therefore, to state a case for application of the continuing violation theory.

The Plaintiffs also misunderstand Fed. Rule Civ. P. 12(c).  They assert that "Rule 12 motions can be made only on limited grounds none of which apply."  Assuming Plaintiffs are

referring to the grounds laid out in Fed. Rule Civ. P. 12(b),[2] the Plaintiffs are clearly mistaken. The Defendants moved for Judgment on the Pleadings based on lack of jurisdiction. Rule 12(b)(1) provides that a motion to dismiss can be filed based on a lack of jurisdiction. As such, the Defendants' Motion for Judgment on the Pleadings, which was filed in part on that basis, was proper.

Finally, in their first Opposition, Plaintiffs raise the possibility that the Court may grant them leave to amend their Complaint as an alternative to dismissal. While the Court certainly has the power to grant Plaintiffs leave to amend, such a determination would not be in the best interests of justice under the circumstances.

According to Fed. R. Civ. P. 15(a):

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Since a responsive pleading has already been served in this case, the Plaintiffs may amend their Complaint only by leave of this Court (or written consent of Defendants).

In deciding whether to permit Plaintiffs to amend their Complaint, the Court must consider if Defendants are in fact entitled to judgment on the pleadings, and whether there is a reasonable possibility the Plaintiffs could amend their Complaint to state a viable claim. Under the applicable 12(b) standard for review, "the motion should not be granted unless it appears beyond a doubt that the plaintiff cannot prove any facts that would support his claim for relief."

---

[2] As already discussed in Defendants' Motion for Judgment on the Pleadings, a district court's decision to grant a defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b). United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 342 F.3d 634, 643 (6th Cir.2003).

Gutierrez v. Peters, 111 F.3d 1364, 1368 (7th Cir.1997), citing Thomason v. Nachtrieb, 888 F.2d 1202, 1204 (7th Cir.1989).  All well-pleaded facts are assumed to be true, and all such facts, as well as any reasonable inferences therefrom, are to be viewed in the light most favorable to the plaintiff.  Id., citing Flenner v. Sheahan.  "[If in reviewing the facts] it appears to a certainty that the plaintiff[s] would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend.  Etemad v. State of Cal. Dept. of Water Resources Control Bd., 21 F.3d 1112 (9th Cir.1994), citing Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985).

In this case, even if Plaintiffs were to amend their Complaint, their claim could not withstand a Rule 12(c) motion for judgment on the pleadings.  As indicated in Defendants' Motion, Plaintiffs' action fails on a number of fronts.  First, this Court is without jurisdiction to adjudicate the claim because it would require an interpretation of tribal law.  As discussed above and in Defendant's Motion, there are numerous cases supporting the assertion that if an action requires a court to interpret tribal constitution or tribal law, the cause falls outside its jurisdiction and must be dismissed. Defs.' Mem. Supp. J. Pldgs. at 4-6.  No amendment by Plaintiffs could cure this defect in their Complaint.

Second, as discussed above, Plaintiffs' cause is well beyond the six-year statute of limitations.  Their claim that Defendants abdicated their duties first accrued when the Secretary of the Interior issued her final decision in 1994.  Defs.' Mem. Supp. J. Pldgs. at 3-4.  As previously discussed, the APA establishes that a suit challenging final agency action must be brought within six years of accrual.  In this case, Plaintiffs brought their suit almost eleven years afterwards.  As such, there is no amendment the Plaintiffs could make to their Complaint that could cure this defect.

Finally, the Plaintiffs failed to allege an injury in fact, as required for standing. Defs.' Mem. Supp. J. Pldgs. at 6-10. In their response to Defendants' Motion, they give no indication as to what additional information they might present to the Court, were they granted leave to amend their complaint, that would cure this final defect in their Complaint.

As stated in <u>Cicchini v. Blackwell</u>, "[a] proposed amendment is futile if the amendment could not withstand a Rule [12(b)] motion to dismiss." <u>Cicchini v. Blackwell</u>, 127 Fed.Appx. 187, 189 -190 (6th Cir.2005), <u>citing</u> <u>Ziegler v. IBP Hog Market, Inc.</u>, 249 F.3d 509, 518 (6th Cir.2001). In the present case, even if Plaintiffs were granted leave to amend their Complaint, their claim would still fail for the reasons cited in Defendants' original Motion. As such, this Court should deny Plaintiffs' request and grant Defendants' Motion for Judgment on the Pleadings.

In their second Opposition, Plaintiffs assert that Defendants have "offered no proof that the [Manner of Review Section of the tribal constitution] has been followed" and that, as decisions regarding proposed amendments to the constitution are ongoing, the constitution is "still under federal law, and there is no statute of limitations or jurisdiction issue." Plaintiffs' Second Opposition at 1. First, Plaintiffs' claims still fall outside the statute of limitations because the original action complained of (the Secretary's 1994 decision) falls outside the six-year window, regardless of whether or not the tribal constitution is still in effect and a Secretarial election regarding amendments thereto is scheduled for later this month. <u>See</u> <u>supra</u> at 1-2.

Second, contrary to Plaintiffs' suggestion, the existence of a Secretarial election also fails to confer jurisdiction over the case. Not only is the election unrelated to their current claims, but an election regarding possible amendments to the constitution does not change the fact that the Court would need to interpret Tribal law in order to reach a judgment in the Plaintiffs' suit. As discussed in Defendants' Motion for Judgment on the Pleadings, if an action requires a court to

interpret tribal constitution or tribal law, the cause falls outside its jurisdiction and must be dismissed. Defs.' Mem. Supp. J. Pldgs. at 4-6. Jurisdiction cannot be conferred upon the Court by the mere fact that the constitution is an active document and subject to ongoing amendment.

Finally, Plaintiffs' assertion that Defendants failed to follow the requirements of the Tribal Constitution's Manner of Review section is an attempt to argue the merits of the case rather than the jurisdictional issues raised by Defendants. Plaintiffs' Second Opposition at 1. The Defendants' Motion for Judgment on the Pleadings addresses only the threshold issues of jurisdiction and standing, and not the merits issues. Whether Defendants followed the requirements of the constitution is a question simply not presented by the motion. Adjudicating the merits of Plaintiffs claims would only be appropriate if the court had jurisdiction. The Court and the parties would, therefore, need to address the merits only if the present motion is not granted.

WHEREFORE, Defendants respectfully request that their Motion for Judgment on the Pleadings be granted and Plaintiffs' Complaint dismissed with prejudice.[3]

---

[3] Defendants also note that only two of the three-named Plaintiffs signed the first Opposition to Defendants' Motion, and that Mr. Melvin Manypenny did not join in that response. Similarly, only one of the three Plaintiffs – Mr. Parker – signed the second Opposition. Since Plaintiffs are all *pro se*, none can represent the other in this action. Absent a response from the third non-signatory Plaintiff, this court should grant a judgment on the pleadings against Mr. Manypenny, treating his lack of response as a concession of the validity of the claims. Local Civil Rule 7(b). Similarly, the second Opposition should be viewed as a response from Mr. Parker alone. In addition, in neither Response do the signatory Plaintiffs provide any substantive response to Defendants' arguments that the claims in Plaintiffs' complaint are outside the jurisdiction of the Court because the claims require the interpretation of tribal law, and that Plaintiffs lack standing. For this reason, the Court should grant judgment for Defendants on the claims of Mr. Parker and Mr. Bellinger, treating the jurisdictional defects that preclude the interpretation of tribal law and lack of standing as conceded. See e.g. Rushing v. Leavitt, 2005 WL 555415, *5 (D.D.C.,2005) ("Plaintiff abandons this claim in his Opposition . . . Therefore, the Court treats this as conceded pursuant to Local Civil Rule 7(b).").

Dated: November 16, 2005

        Respectfully submitted,

        KELLY A. JOHNSON
        Acting Assistant Attorney General

By:   s/ Nicolette Romano

        NICOLETTE ROMANO
        Trial Attorney
        General Litigation Section
        Environment and Natural
          Resources Division
        U.S. Department of Justice
        P.O. Box 663
        Washington, D.C.  20044-0663
        Telephone: (202) 305-0245
        Fax: (202) 305-0506

OF COUNSEL:

Jane Smith
Attorney Advisor
U.S. Department of the Interior
Office of the Solicitor
1849 C Street, N.W.
Mail Stop 6456
Washington, D.C. 20240
Telephone: (202) 208-5808
Fax: (202) 219-1791        Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN W. PARKER, *et al.* )<br>39744 400th Avenue )<br>Waubun, MN 56589 )<br>)<br>　　　Plaintiffs, )<br>)<br>　vs. )<br>)<br>GALE NORTON, Secretary, *et al.* )<br>U.S. Department of the Interior )<br>1849 C Street, N.W. )<br>Washington, D.C. 20240 )<br>)<br>　　　Defendants. )<br>_____) | Case No. 1:05CV01070<br>Judge: Ellen Segal Huvelle<br>Deck Type: Pro Se General Civil<br>Date Stamp: 11/16/05 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2005, a true and correct copy of the foregoing **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was served on the following Plaintiffs via first-class United States mail, postage pre-paid, at the following addresses:

　　TODD A. BELLINGER
　　224 Loop
　　White Earth, MN 56589

　　MELVIN MANYPENNY
　　White Earth, MN 56589

　　JOHN W. PARKER
　　39744 400th Avenue
　　Waubun, MN 56589

　　　　　　　　　　　　　　　　　　　　　　s/ Nicolette Romano
　　　　　　　　　　　　　　　　　　　　　　NICOLETTE ROMANO