UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN WILLIAM PARKER,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civ. Action No. 05-1070 (ESH) |
| ) | |
| **GALE A. NORTON,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM OPINION**

In this action, three residents of the White Earth Indian Reservation and enrollees of the White Earth Band of the Minnesota Chippewa Tribe ("the Tribe"), challenge the Department of Interior's decision of September 20, 1994, approving the establishment of a tribal court over child custody proceedings by a band of the Tribe. Defendants move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings on the grounds that the Court lacks subject matter jurisdiction, plaintiffs lack standing, and the claim is barred by the statute of limitations. Because it is clear from the complaint that the claim is barred by the statute of limitations, the motion will be granted solely on this ground.[1]

The complaint alleges the following. In 1980, a constituent band of the Tribe petitioned to assume jurisdiction over child custody matters under Section 108 of the Indian Child Welfare

---

[1] Any party may move for judgment after the pleadings are closed. Fed. R. Civ. P. 12(c). The standard of review is substantially the same as that for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court's review generally is confined to the complaint and any responsive pleading allowed by Fed. R. Civ. P. 7(a). *See Does I through III v. District of Columbia*, 238 F. Supp.2d 212, 216 (D.D.C. 2002) (citations omitted).

Act of 1978, 25 U.S.C. § 1918 *et seq.*[2] By memorandum dated September 30, 1980, the Associate Solicitor-Indian Affairs for the Department of the Interior advised the Assistant Secretary that the Tribe's revised constitution did not authorize bands to exercise child custody jurisdiction. This position was reaffirmed in 1986 and 1990, but was reversed in 1994. By letter dated September 20, 1994, the Assistant Secretary informed the Tribe that upon review of the Solicitor's prior opinions, and giving deference to the Tribe's interpretation of its constitution, a constitutional amendment was not needed for bands to establish tribal courts. Plaintiffs claim that this decision is reviewable under the Administrative Procedure Act ("APA") as arbitrary and capricious. Complaint ¶ 5.

"Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401. This includes APA actions. *Impro Prods., Inc. v. Block*, 722 F.2d 845, 850 (D.C. Cir.1983), *cert. denied*, 469 U.S. 931, 105 S.Ct. 327, 83 L.Ed.2d 264 (1984); *Citizens Alert Regarding the Environment v. U.S. E.P.A.* 259 F. Supp.2d 9, 25 (D.D.C. 2003). Plaintiffs assert that the action is timely because the 1994 decision "is still be[ing] used to pass resolutions regarding the courts

---

[2] The statute provides that:

Any Indian tribe which became subject to State jurisdiction pursuant to the provisions of the Act of August 15, 1953 (67 Stat. 588), as amended by Title IV of the Act of April 11, 1968 (82 Stat. 73, 78), or pursuant to any other Federal law, may reassume jurisdiction over child custody proceedings. Before any Indian tribe may reassume jurisdiction over Indian child custody proceedings, such tribe shall present to the Secretary for approval a petition to reassume such jurisdiction which includes a suitable plan to exercise such jurisdiction.

25 U.S.C.A. § 1918(a)

and law enforcement."³  Complaint ¶ 36.  The APA, however, authorizes judicial review only of "final agency action."  5 U.S.C. § 704.  It does not provide a cause of action based on the continuing effects of such action.  *Cf., e.g., Impro Prods., Inc. v. Block*, 722 F.2d at 850, n.9 (the reissuance of a reprint did not "start the statute of limitations anew [where there was] no evidence suggesting that a conscious, independent decision was made with any subsequent reissuance.").  Plaintiffs' action filed on May 27, 2005, nearly eleven years after the agency's decision, clearly is time-barred.⁴  A separate Order accompanies this Memorandum Opinion.

                                                         s/
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date:  November 16, 2005

---

³ Because of the time-bar, the Court need not address the more complicated questions of standing and subject matter jurisdiction.  It is established, however, that the district court lacks subject matter jurisdiction "to resolve internal tribal disputes [and to] interpret tribal constitutions and laws. . . ,"  *In re: Sac & Fox Tribe of the Mississippi in Iowa/Meskwaki Casino Litigation*, 340 F.3d 749, 763 (8th Cir. 2003) (citing cases), the latter of which is suggested by the claims presented here.

⁴ Plaintiff filed this action as seeking a writ of mandamus.  Because the mandamus claim is based on the same set of facts as the APA claim, it, too, is time-barred.  In any event, the extraordinary remedy of mandamus is available only when, *inter alia*, there is no other appropriate remedy.  *See Swan v. Clinton*, 100 F.3d 973, 977 n.1 (D.C. Cir. 1996) (citations omitted).  Had plaintiff filed a timely action and overcome any jurisdictional barriers, his mandamus claim would likely fail because of the available APA remedy.